UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jarrel Lee Johnson, ) | Civil Action No.: 5:22-cv-03980-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Marlboro County Detention ) | |
| Center,[1] ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Jarrel Johnson, a state prisoner proceeding *pro se*, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. This matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends dismissing the petition without prejudice and without requiting Respondent to file an answer or return.[2] *See* ECF Nos. 25 & 29.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] As indicated in the Order authorizing service of process and the Report and Recommendation, the initial Respondents to this action were terminated and Warden of Marlboro County Detention Center was added as the Respondent because a prisoner's custodian is the proper respondent in a habeas corpus action. *See* ECF Nos. 23 & 25; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

[2] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

The Magistrate Judge recommends dismissing this action based on *Younger*[3] abstention and because the allegations raised in Petitioner's Grounds Three and Four fail to state a cognizable habeas claim. *See* ECF No. 25 at pp. 3–4. Petitioner's objections are somewhat hard to follow, and although Petitioner references *Younger*, Petitioner does not appear to specifically object to the Magistrate Judge's recommendations. *See Diamond & Camby*, *supra* (recognizing that in the absence of a specific objection, the district court need only review the record for clear error); s*ee also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). Regardless, the Court agrees with the Magistrate Judge that *Younger* abstention is appropriate because (1) Petitioner is

---

[3]     *Younger v. Harris*, 401 U.S. 37 (1971).

involved in ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Petitioner has an adequate opportunity to raise his federal claims in the state proceedings. *See generally Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (setting forth the three *Younger* criteria in the context of a § 2241 petition).

Petitioner contends the Fourth Amendment "presents special circumstances for federal intervention" [ECF No. 29 at p. 5], but Petitioner has not shown there is any possibility of irreparable harm or shown that any Fourth Amendment concerns could not be addressed in the state proceedings.[4] *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm.").

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability. *See, e.g.*, *Garvin v. Wright*, 583 F. App'x 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies

---

[4] This Court also notes that any of Petitioner's references to compensation and/or the conditions of his confinement are not properly before this Court in a habeas corpus action. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 265–66 (4th Cir. 2017) (per curiam) (deciding conditions-of-confinement claims not cognizable in a § 2241 petition); *Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) (per curiam) (same); *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113 (4th Cir. 2003) (finding money damages are not available under § 2241). The remainder of the objections are not specific objections to the R & R. *See* ECF Nos. 25 & 29.

3

relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, the Court concludes that Petitioner has failed to make the requisite showing.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 25] and **DISMISSES** this action *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Florence, South Carolina  
April 17, 2023

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge